UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
HEBA ABDELAAL,

Plaintiffs,

-against-

THE CITY OF NEW YORK, OFFICE OF THE BRONX DISTRICT ATTORNEY DARCEL D. CLARK, INDIVIDUALLY AND IN HER OFFICAL CAPACITY AS AN EMPLOYEE OF THE DEFENDANT OF THE CITY OF NEW YORK, AND BRONX COUNTY,

Defendants.
---------------------------------------------------------------- X

**ANSWER TO THE COMPLAINT**

20-CV-9716 (JPO)

Defendants The City of New York, The City of New York s/h/a Bronx County, Office of the Bronx District Attorney Darcel D. Clark, and Darcel D. Clark (collectively, the "Defendants"), by and through their attorneys, James E. Johnson, Corporation Counsel of the City of New York, as and for their Answer to plaintiff's Complaint dated November 18, 2020 ("Complaint") herein, respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff self-identifies as an adult female of Muslim faith.

3. Admit the allegations set forth in paragraph "3" of the Complaint, except deny that §396 is found in Chapter 16 of the New York City Charter.

4. Admit the allegations set forth in paragraph "4" of the Complaint.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

6. Deny the allegations set forth in paragraph “6” of the Complaint, except admit that plaintiff purports to invoke the jurisdiction and supplemental jurisdiction of this Court as set forth therein.

7. Deny the allegations set forth in paragraph “7” of the Complaint, except admit that plaintiff purports to invoke the venue of this Court as set forth therein.

8. Deny the allegations set forth in paragraph “8” of the Complaint, except admit that plaintiff purports to proceed as stated therein.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph “9” of the Complaint.

10. Deny the allegations set forth in paragraph “10” of the Complaint, except admit that plaintiff did file a notice of claim.

11. Deny the allegations set forth in paragraph “11” of the Complaint.

12. Deny the allegations set forth in paragraph “12” of the Complaint.

13. Admit the allegations set forth in paragraph “13” of the Complaint.

14. Deny the allegations set forth in paragraph “14” of the Complaint, except admit that plaintiff was assigned to the Child Abuse/Sex Crimes Bureau that is part of the Special Victims Division.

15. Deny the allegations set forth in paragraph “15” including footnote 2, of the Complaint.

16. Deny the allegations set forth in paragraph “16” of the Complaint, except admit that Anthony Perrotto is an Assistant District Attorney for the Bronx County District Attorney’s Office.

17. Deny the allegations set forth in paragraph "17" of the Complaint inclusive of all sub parts, except admit that the term micro-penis was used as it was a pertinent fact in a prior case that was being discussed to illustrate a legal principle.

18. Deny the allegations set forth in Paragraph "18" of the Complaint, except deny knowledge or information sufficient to form a belief as to the professed motivation of the plaintiff, and admit that plaintiff did not file any complaints.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the allegations regarding plaintiff's alleged comments to an unidentified co-worker set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint, except deny knowledge or information sufficient to form a belief as to the plaintiff's subjective personal motivation.

22. Deny the allegations set forth in Paragraph "22" of the Complaint.

23. Deny the allegations set forth in Paragraph "23" of the Complaint inclusive of all its subparts.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except admit that plaintiff would leave work with the expressed purpose of going to her sister's basketball games and admit that plaintiff left a Continuing Legal Education course early.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that TPA Steinhardt was removed as plaintiff's TPA.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to plaintiff's personal opinions.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except admit that plaintiff was offered a mentorship with Serena Newell.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except admit that TPA Vanessa did complain about plaintiff's improper behavior of threatening immigration consequences for non-cooperating witnesses.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Ms. Ferrari asked all Assistant District Attorneys under her supervision whether they made proper referrals on their matters.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that plaintiff had her access to Trial Preparation Assistants removed for a period of time.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff did request a meeting with Mr. Muroff.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that plaintiff's inappropriate decorations were removed.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except deny knowledge or information sufficient form a belief as to the truth of the allegations regarding the plaintiff's personal feelings.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint, except admit that Ms. Hernandez did meet with plaintiff to discuss her allegations.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's personal reactions.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint, except admit that plaintiff met with Muroff and Lynton and admit that plaintiff was asked if she would like to explore working in a different bureau.

49. Admit the allegations set forth in paragraph "49" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning the date the email was sent.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint, except admit that plaintiff emailed a self-titled "Formal EEO Complaint" on December 14, 2019.

51. Admit the allegations set forth in paragraph "51" of the Complaint, except deny any formal title of 'EEO Officer.'

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint, except admit that Trial Preparation Assistants did make complaints about plaintiff's work performance.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what was in the mind of two unidentified Assistant District Attorneys and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning a conversation between a Detective Inspector Clayton and two unidentified Assistant District Attorneys.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. Deny the allegations set forth in paragraph "57" of the Complaint, except admit that plaintiff did have errors in her work product and admit that plaintiff was told to go home out of concern for her well-being after she appeared to have worked overnight in the office.

58. Deny the allegations set forth in paragraph "58" of the Complaint, except admit that plaintiff failed to follow an oral instruction to offer an adjournment in contemplation of dismissal on a case.

59. Deny the allegations set forth in paragraph "59" of the Complaint, except admit that a thorough review of plaintiff's work was conducted by supervisors based on

identified errors in plaintiff's work product and admit that plaintiff was not assigned new cases from the complaint room for a time so that she could focus on her existing case load.

60. Admit the allegations set forth in the first sentence of paragraph "60" of the Complaint, except deny the allegations set forth in the second sentence of paragraph "60."

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's diagnosis and intentions, and admit that plaintiff sent an email identified as an "amended EEO."

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint, except admit that plaintiff sent an email on May 8, 2020.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint, except admit that plaintiff self-identifies as being of Muslim faith.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint, except admit that plaintiff had problems identifying and assigning appropriate work to be conducted by Trial Preparation Assistants.

71. Deny the allegations set forth in paragraph "71" of the Complaint, except admit that plaintiff did make mistakes when working on subpoenas.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective motivation.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that plaintiff provided a note indicating that she would benefit from an enclosed or quiet work space.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that the Defendants have engaged in the interactive process with plaintiff concerning this alleged accommodation.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. In response to paragraph "78" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "77" of the Complaint as if fully set forth herein.

79. As the allegations set forth in paragraph "79" of the Complaint call for a legal conclusion, no response is required.

80. As the allegations set forth in paragraph "80" of the Complaint call for a legal conclusion, no response is required.

81. Deny the allegations set forth in paragraph "81" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of what a person identified as Shirapova had in her mind.

82. Deny the allegations set forth in paragraph "82" of the Complaint, except to the extent the allegations set forth in paragraph "82" of the Complaint call for a legal conclusion, no response is required.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. In response to paragraph "84" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "83" of the Complaint as if fully set forth herein.

85. As the allegations set forth in paragraph "85" of the Complaint call for a legal conclusion, no response is required.

86. As the allegations set forth in paragraph "86" of the Complaint call for a legal conclusion, no response is required.

87. As the allegations set forth in paragraph "87" of the Complaint call for a legal conclusion, no response is required.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. As the allegations set forth in paragraph "89" of the Complaint call for a legal conclusion, no response is required.

90. As the allegations set forth in paragraph "90" of the Complaint call for a legal conclusion, no response is required.

91. In response to paragraph "91" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "90" of the Complaint as if fully set forth herein.

92. As the allegations set forth in paragraph "92" of the Complaint call for a legal conclusion, no response is required.

93. As the allegations set forth in paragraph "93" of the Complaint call for a legal conclusion, no response is required.

94. As the allegations set forth in paragraph "89" of the Complaint call for a legal conclusion, no response is required.

95. Deny the allegations set forth in paragraph "95" of the Complaint, except to the extent the allegations set forth in paragraph "95" of the Complaint call for a legal conclusion, no response is required.

96. As the allegations set forth in paragraph "96" of the Complaint call for a legal conclusion, no response is required.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint except to the extent the allegations set forth in paragraph "98" of the Complaint call for a legal conclusion, no response is required.

99. As the allegations set forth in paragraph "99" of the Complaint call for a legal conclusion, no response is required.

100. In response to paragraph "100" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "99" of the Complaint as if fully set forth herein.

101. As the allegations set forth in paragraph "101" of the Complaint call for a legal conclusion, no response is required.

102. As the allegations set forth in paragraph "102" of the Complaint call for a legal conclusion, no response is required.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. In response to paragraph "104" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "103" of the Complaint as if fully set forth herein.

105. As the allegations set forth in paragraph "105" of the Complaint call for a legal conclusion, no response is required.

106. Deny knowledge of information sufficient to determine the truth of the allegations set forth in paragraph "106" of the Complaint, except to the extent the allegations in paragraph "106" call for a legal conclusion, no response is required.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint except to the extent the allegations in paragraph "108" call for a legal conclusion, no response is required.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. In response to paragraph "110" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "109" of the Complaint as if fully set forth herein.

111. As the allegations set forth in paragraph "111" of the Complaint call for a legal conclusion, no response is required.

112. Deny knowledge of information sufficient to determine the truth of the allegations set forth in paragraph "112" of the Complaint, except to the extent the allegations in paragraph "112" call for a legal conclusion, no response is required.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. Deny the allegations set forth in paragraph "114" of the Complaint.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. In response to paragraph "116" of the Complaint, the Defendants repeat and reiterate their responses to each and every paragraph numbered "1" thorough "115" of the Complaint as if fully set forth herein.

117. As the allegations set forth in paragraph "117" of the Complaint call for a legal conclusion, no response is required.

118. Deny the allegations set forth in paragraph "115" of the Complaint.

119. Deny the allegations set forth in paragraph "119" of the Complaint, except to the extent the allegations in paragraph "119" call for a legal conclusion, no response is required.

120. Deny the allegations set forth in paragraph "120" of the Complaint.

121. In response to the allegations set forth in paragraph "121" of the Complaint, the Defendants repeat, reiterate, and reallege each and every response to the allegations contained in the paragraphs of the Complaint number "1" through "120" of their Answer with the same force and effect as if fully set forth herein.

122. As the allegations set forth in paragraph "122" of the Complaint call for a legal conclusion, no response is required.

123. As the allegations set forth in paragraph "123" of the Complaint call for a legal conclusion, no response is required.

124. Deny the allegations set forth in paragraph "124" of the Complaint, except to the extent the allegations in paragraph "124" call for a legal conclusion, no response is required.

125. Deny the allegations set forth in paragraph "125" of the Complaint, except to the extent the allegations in paragraph "125" call for a legal conclusion, no response is required.

126. Deny the allegations set forth in paragraph "125" of the Complaint, except to the extent the allegations in paragraph "125" call for a legal conclusion, no response is required.

127. In response to the allegations set forth in paragraph "127" of the Complaint, the Defendants repeat, reiterate, and reallege each and every response to the allegations contained in the paragraphs of the Complaint number "1" through "126" of their Answer with the same force and effect as if fully set forth herein.

128. As the allegations set forth in paragraph "128" of the Complaint call for a legal conclusion, no response is required.

129. Deny the allegations set forth in paragraph "125" of the Complaint, except to the extent the allegations in paragraph "125" call for a legal conclusion, no response is required.

130. Deny the allegations in paragraph "130" of the Complaint.

**AS AND FOR A FIRST DEFENSE:**

131. The Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE:**

132. The plaintiff's request for punitive damages against the Defendants is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A THIRD DEFENSE:**

133. Plaintiff's injuries, if any, were wholly, or in part, caused by her own culpable conduct.

**AS AND FOR A FOURTH DEFENSE:**

134. The complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

**AS AND FOR A FIFTH DEFENSE:**

135. Plaintiff unreasonably failed to take any the preventative or corrective opportunities provided by defendants or to otherwise avoid harm.

**AS AND FOR A SIXTH DEFENSE:**

136. To the extent it is alleged that any harassing or discriminatory behavior occurred, then defendants exercised reasonable care to prevent and/or promptly correct such conduct.

**AS AND FOR AN SEVENTH DEFENSE:**

137. Any adverse employment actions taken by defendants were based upon legitimate, non-discriminatory, non-retaliatory business reasons.

**AS AND FOR AN EIGHTH DEFENSE:**

138. The conduct complained of consists of nothing more than what a "reasonable victim of discrimination" would consider "petty slights and trivial inconveniences."

**AS AND FOR A NINTH DEFENSE:**

139. Individual defendants are not subject to suit under Title VII and, thus, these claims must be dismissed as against any individual defendant in their individual capacity

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety, that all relief requested therein be denied, and that the Defendants be granted such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 4, 2021

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-1181
WGREY@law.nyc.gov

By: /s/
William A. Grey
Senior Counsel

To: Christopher Lowe
Lipsky Lowe
Attorneys for plaintiff
420 Lexington Avenue, Suite 1830
New York, New York 10170
(212) 392-4772