UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

HEBA ABDELAAL,

        Plaintiff,

v.

THE CITY OF NEW YORK, OFFICE OF THE
BRONX DISTRICT ATTORNEY, DARCEL D.
CLARK, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS AN EMPLOYEE OF
THE DEFENDANT OF THE CITY OF NEW
YORK, AND BRONX COUNTY, Jointly and
Severally,

        Defendants.
------------------------------------- x

ECF CASE

No.: 1:20-cv-09716

## STIPULATION AND ORDER GOVERNING
## THE TREATMENT OF CONFIDENTIAL MATERIAL

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Heba Abdelaal and Defendants The City of New York, Office of the Bronx District Attorney, Darcel D. Clark, Individually and in Her Official Capacity As An Employee of the Defendant City of New York, and The City of New York, s/h/a, Bronx County ("Defendants") and collectively (the "Parties") through their respective counsel, that this Stipulation and Order governs the use and handling of documents, exhibits, deposition testimony, video and audio tapes and other information and documentation, including all copies, excerpts and summaries thereof (collectively, "Material"), produced by any Party to another Party in connection with the above-captioned lawsuit (the "Action"). Any Party may designate as "Confidential" any Material which it produces in response to document requests or interrogatories served in this proceeding, or other discovery obligations herein, when such Party in good faith believes the Material contains sensitive personal, financial, medical, commercial, security or safety information, or contains information that is non-public, proprietary or constitutes a trade secret relating to such Party, which would

cause a financial hardship for the producer of the information or might place the producer at a competitive disadvantage if made public, to the Defendants in this action and/or to their current or former employees, the public disclosure of which may have an adverse effect on the personal, financial, non-public and proprietary information, commercial or business reputation or interests of such Party or Defendants' current or former employees ("Confidential Material"). Confidential Material shall not include (1) information that at or prior to disclosure thereof in this action is or was publicly accessible or in the public domain or which, after disclosure thereof to the persons bound by this Order, becomes public without action on the producing party's part; and (2) information that was rightfully possessed by the party receiving it, and not otherwise subject to restrictions on its disclosure, prior to its production in the proceedings of this action.

1. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of the Action (including appeals, if any), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph 1, as set forth in subparagraph (b) below.

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) the Parties, counsel of record and other counsel for the Parties in this litigation and such employees, experts, contractors, agents and consultants working with counsel, if any, in connection with this litigation;

(ii) the litigation forums in which the Action may proceed (including the Court, court reporters, stenographic reporters);

(iii) non-party witnesses in preparation for or in pre-trial or trial proceedings relating to the Action if, from the face of the Confidential Material, it appears that they previously received the particular Confidential Material in question prior to the commencement of the Action; and

(iv) any other person as to whom the Party producing such Confidential Material agrees in writing to be bound by the terms of this Stipulation and Order, by having such person sign an acknowledgement maintained by counsel who discloses the Confidential Material.

(v) any other person with a lawful right to see the Confidential Material.

(c) The Parties will seek protection from the Court for any Confidential Material filed with the Court or used in or disclosed at trial proceedings unless counsel for the Party producing the Confidential Material has been given two business days notice of the disclosure and has stated in writing that it has no objection to the disclosure.

(d) Notwithstanding any of the foregoing provisions, any Party may disclose Confidential Material produced by it to any other individual or entity, without waiving such confidential designation.

2. Each person given access to Confidential Material pursuant to the terms hereof (a "Non-party") shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof; and (b) that the violation of the terms of this Order (by use of the Confidential Material in any impermissible manner) may constitute a violation of a Court order. Each Party and its respective counsel agree to immediately notify counsel for all other Parties if it obtains knowledge or information that a Non-party is about to disclose, or has disclosed, Confidential Material to persons who have not agreed to be bound by the provisions of this Order.

3. Documents not marked "Confidential" that a Party produced prior to the execution of this Stipulation, will be treated as Confidential Material so long as the producing Party identifies by Bates-stamp number to the other Party those documents that are to be treated as Confidential.

4. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition or within two weeks after such deposition has been transcribed. When designation of Confidential Material has been made during the course of a deposition, the reporter attending such deposition shall thereafter place the appropriate legend on the cover of the Confidential portions of the transcript if requested to do so by the Party making such statement. The signatories to this Stipulation and Order may modify this procedure for any particular deposition through agreement on the record at such deposition or within a reasonable time after the conclusion thereof, without a further Order of the Court.

5. (a) The signatories hereto may at any time, on reasonable notice not less than two business days, move for (i) modification of this Stipulation and Order or (ii) relief from the provisions of this Stipulation and Order with respect to specific Material (subject to the terms of paragraph 5(b), below).

(b) The Party that has not produced the Confidential Material shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If the Party that has not produced the Confidential Material challenges such designation, it shall send or give

notice to counsel for the other Party, and counsel for the Parties shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, any Party may, on reasonable notice not less than two business days, apply for appropriate ruling(s) from the Court. In the event of such application, the burden will be on the proponent of confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law.

6. In addition to designating documents as "Confidential," a producing or receiving Party may require redactions to such documents (whether the Party's own documents or documents produced by another Party or Non-party for use in this litigation). To the extent that a Party objects to any such redaction, the Parties shall address that dispute subject to the provisions of this Stipulation and Order, with the Court ultimately to decide (based on an *in camera* review of a non-redacted version of each document at issue) any dispute over the need for redactions that the Parties cannot resolve on their own.

7. Any reproductions, summaries, or abstracts of Confidential Material shall be treated in the same manner as the originals.

8. (a) This Stipulation and Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation. At the conclusion of this litigation, each Party shall return promptly to its own counsel all Confidential Material. Similarly, a Non-party who has agreed to be bound by this Stipulation and Order shall promptly return to the counsel who provided such Confidential Material for the Non-party's review all such Confidential Material in the Non-party's possession.

(b) Within sixty (60) calendar days after final termination of this Action, including all appeals, each Party shall either (a) return all Confidential Material to the producing Party (including any copies, extracts or summaries thereof or documents containing information

taken therefrom, but excluding any materials which in the judgment of counsel reflect the work product of the recipient); or (b) destroy all such material and, upon request of the producing Party, deliver to the producing Party a letter certifying that such destruction of Confidential Material has occurred. Counsel for the Parties may retain any Confidential Material in their office files, but shall otherwise be bound by the terms of this Stipulation and Order.

(c) Notwithstanding the return and/or destruction of any Confidential Material, the Parties shall be bound by the terms of this Stipulation and Order.

9. It is expressly recognized that inadvertent production by any Party of privileged or arguably privileged matters shall not be deemed to be either: (a) a general waiver of the attorney-client privilege, the work product doctrine, the physician-patient privilege, or any other recognized privilege; or (b) a specific waiver of any such privilege with respect to documents being produced or the testimony given. Notice of any claim of privilege as to any document claimed to have been produced inadvertently shall be given within a reasonable period of time after discovery of the inadvertent production, and, on request by the producing Party, all inadvertently produced Material as to which a claim of privilege or work product protection is asserted and any copies thereof shall be returned, sequestered, or destroyed promptly. The Parties recognize that the protection under this paragraph is stricter than that provided for under Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

10. This Court shall retain jurisdiction of all matters pertaining to this Order, and the Parties agree to submit to the jurisdiction of this Court for matters relating to the enforcement of this Order.

11. The Parties agree to be bound by the terms of this Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all the parties.

12. This Order may be executed in one or more counterparts, each of which will be deemed an original, but which collectively will constitute one and the same instrument. Signed facsimile or e-mail copies will be acceptable as an original.

| | |
|---|---|
| Dated: New York, New York<br>July 6, 2021 | Dated: New York, New York<br>July 6, 2021 |
| LIPSKY LOWE LLP | NEW YORK CITY LAW DEPARTMENT |
| By: *[signature]*<br>Christopher H. Lowe<br>420 Lexington Avenue, Suite 1830<br>New York, NY 10170-1830<br>Phone: 212.392.4772<br>Fax: 212.444.1030<br>chris@lipskylowe.com | By: *[signature]*<br>William A. Grey<br>100 Church Street, Room 2-172<br>New York, New York 10007<br>Phone: 212.356.10007<br>Fax: 212.356.2460<br>wgrey@law.nyc.gov |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

Dated: New York
July 6, 2021

SO ORDERED:

_____
J. PAUL OETKEN
United States District Judge

July 6, 2021

7